UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                              Case No.  15-20106-7

ARTHUR BERRY, JR. (D-7),        HON.  GEORGE CARAM STEEH

        Defendant.
_____/

ORDER DENYING DEFENDANT'S MOTION
 FOR RELEASE ON BOND [ECF No. 785]

This matter is before the Court on defendant Arthur Berry, Jr.'s motion for bond due to changed circumstances (ECF No. 785).  Berry previously filed a motion for bond in July 2019, claiming that his close family ties to the area warranted his release for his purported non-violent criminal activity (ECF No. 739).  Judge Battani, who was presiding over the case at that time, rejected Berry's motion from the bench following oral argument (ECF No. 744).  Berry now argues that he should be released to prepare his defense and proposes that his father is a willing and appropriate third-party custodian.  The Court is familiar with the issues and determines that a hearing is not required to address this current motion.  For the reasons set forth below, defendant's motion is DENIED.

The government indicted more than twenty defendants involved in a multi-state rash of smash-and-grab robberies. The initial complaint was filed on February 18, 2015 and an indictment was handed down on February 26, 2015. Berry was added to the case on May 7, 2015 via a First Superseding Indictment, which alleges that he participated in six robberies. Since that time, every defendant aside from Berry pleaded guilty to participating in one or more robberies.

In his pending motion for release, Berry contends there is no evidence that he took any violent action in this case and that he is does not pose a danger to the community. To allay any concerns of flight, Berry proposes that he be placed on home confinement with a tether, under the supervision of his father. Berry argues that his release is important so that he can have full access to counsel and his discovery in preparation for his trial.

Berry remained a fugitive for nearly four years until he was apprehended in Arizona in March 2019. The Pretrial Services Report indicates that he has used 22 aliases. He lied to police officers in July 2015 by giving them a fake name and incorrect date of birth and he refused to provide his name or identification when he was ultimately apprehended. Berry's father, who he proposes to be a third-party

custodian if he is released on bond, previously told law enforcement that Berry was evading arrest.

1.    Nature and circumstances of the offense—18 U.S.C. § 3142(g)(1)

The Rule 11 Plea Agreements entered into by Berry's co-defendants document Berry's leadership role in the charged criminal enterprise. For example, the Rule 11 Agreement executed by Cedarrius Frost acknowledged that both Frost and Berry were leaders, with Berry and co-defendant Ernie Evans acting as Frost's "road bosses" (ECF No. 409; PageID.1512). Evans's Rule 11 explained that, as road bosses, he and Berry would: (a) tell the crew where they would be driving; (b) drive with the crew to the robbery location and select the robbery target; (c) send co-defendants into the store to conduct surveillance; (d) receive the stolen diamonds and Rolex watches after the store was robbed; and (e) participate in the sale of the diamonds after the crew returned to Michigan (ECF No. 268; PageID.725-727, 729-733). Frost and co-defendant Breonna Collins also admitted that, after the Portage Michigan robbery, the trio (including Berry) sold the stolen diamonds to co-defendant Vincent Tueni in the back of Tueni's convenience store (ECF No.612; PageID.2486; ECF No. 409; PageID.1516).

Members of the crew stole cars, entered occupied jewelry stores,

smashed glass cases with sledgehammers, and escaped with their loot in the stolen cars. The safety of the public was clearly put at risk by the crew's operations, which were overseen by Berry.

2. <u>Weight of the evidence against defendant—18 U.S.C. § 3142(g)(2)</u>

In the Sixth Circuit, the weight of the evidence goes to the weight of the evidence of risk of flight and dangerousness, not the weight of the evidence of the defendant's guilt. *See United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). The weight of the evidence of Berry's flight risk and his danger to the community is strong, as detailed throughout this order.

3. <u>Defendant's history and characteristics and danger to any person or community—18 U.S.C. § 3142(g)(3) and (4)</u>

Berry has a long history of fleeing from and evading law enforcement, as well as a history of failing to appear. In the present case, Berry was a fugitive for nearly four years. When interviewed by the FBI, Berry's father and sister said that they did not speak to him regularly and did not have his current cellphone number. Law enforcement also determined that since he fled in 2015, Berry did not have any utilities, vehicles, bank accounts or anything else registered in his name. FBI agents ultimately captured Berry by engaging in a ruse and, because he refused to give his name, they were only able to identify Berry via a

portable fingerprint scanner.

The government lays out Berry's prior history of flight, which includes fleeing from police in 2011 (ECF No. 788-8).  At that time, officers pursued Berry, who fled in his vehicle because he believed he was going to be arrested for a series of jewelry store robberies (ECF No. 788-9).  Berry failed to stop at a stop sign and crashed into another car, injuring the driver. The Pretrial Services Report also lists two active warrants, one in Ohio and one in Michigan, for failure to appear for criminal proceedings.

The evidence presented by the government overwhelmingly establishes Berry's flight risk and danger to the community.  The Court is not persuaded by defendant's arguments in favor of release.  Although his father is a seemingly upstanding member of the community, it has not been established that he would be an appropriate or effective third-party custodian.  As for Berry's argument that release is essential in order to prepare his defense, nothing about the charges in this case or the amount of discovery involved distinguishes this case from that of other defendants who must prepare for trial while in pretrial detention.  The fact that there may potentially be an increase in cases of COVID-19 at the jail where Berry is housed does not change the Court's analysis.  Accordingly,

IT IS HEREBY ORDERED that defendant's motion to be released on bond is DENIED.

Dated: October 15, 2020

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 15, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk